1  DAVID L. ANDERSON (CABN 149604)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  NEAL C. HONG (ILBN 6309265)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, 11th Floor
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7246
7       neal.hong@usdoj.gov

8  Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR-18-607 CRB |
| Plaintiff, | [PROPOSED] ORDER DETAINING DEFENDANT MICHAEL MAURICIO PRIOR TO TRIAL |
| v. | |
| MICHAEL MAURICIO, | |
| Defendant. | |

On December 18, 2018, the Grand Jury charged Defendant with violations of 21 U.S.C. §§ 846 and 841(b)(1)(B)(viii). Defendant made his initial appearance on December 21, 2018 and was represented by Assistant Federal Defender Elizabeth Falk. The Government moved for detention and the Court held hearings on January 9, 2019. January 11, 2019, and January 22, 2019.

The Government moved for detention based on safety of the community and risk of flight. Pretrial Services submitted a report that recommended release on a secured bond of at least $50,000. Defendant argued for release to a drug treatment facility without a secured bond and put forth sureties for an unsecured bond.

Upon consideration of the Pretrial Services report and the parties' proffers at the detention hearing, the Court finds by a preponderance of the evidence that Defendant poses a risk of flight and by

clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders Defendant detained pending trial.

The Court bases this order on Defendant's escalating pattern of criminal behavior, his pattern of non-compliance while on state probation, the nature of his offenses, a current outstanding state arrest warrant, and the discovery of numerous credit and social security cards belonging to other individuals at Defendant's residence.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Given the nature of the crimes as alleged, as well as the history and characteristics of the defendant, the Court determines that, on the record before it, there is no condition or combination of conditions of release that can reasonably assure the safety of any other person and the community and Defendant's appearance as required without a secured bond of at least $50,000. Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the United States Marshals Service for confinement in a correctional facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an

//

authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

January 25, 2019

_____
ELIZABETH D. LAPORTE
Chief United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CASE NO. CR-18-607-CRB